UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARDS OF TRUSTEES OF
THE OHIO LABORERS' FRINGE
BENEFIT PROGRAMS
c/o Matt Archer, Administrative Manager
800 Hillsdowne Road
Westerville, OH  43081

       Plaintiffs,

     vs.                                     CASE NO.  2:17-CV-146

GOSTOMSKY MASONRY, LLC                JUDGE
c/o Matthew Gostomsky, President
6230 Troy-Frederick Rd.                        MAGISTRATE JUDGE
Tipp City, OH  45371

       Defendant.                      **COMPLAINT**

COUNT ONE

Now come Plaintiffs and for their cause of action, state:

1.      This action is founded upon various collective bargaining agreements negotiated between the Defendant employer and a union representing employees in an industry affecting interstate commerce of which this Court has concurrent jurisdiction, pursuant to Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. Section 185(a), and more particularly, Section 502(a)(3) of the Employees Retirement Income Act (hereinafter referred to "ERISA"), 29 U.S.C. 1132(a)(3).  This action is in part authorized by ERISA Section 515, 29 U.S.C. 1145.

2.      That Plaintiffs are the fiduciaries of three employee benefit trusts, the Ohio Laborers' District Council – Ohio Contractors' Association Insurance Fund, the Laborers' District Council and Contractors' Pension Fund, the Ohio Laborers' Training and Apprenticeship Trust Fund, and one labor management cooperative trust known as Ohio Laborers' District Council – Ohio Contractors' Association Cooperation and Education Trust (Section 302(c)(9) of the Labor Management Relations Act).  The four trusts are collectively known as the "Ohio Laborers' Fringe Benefit Programs," and maintain their principal office and place of business at 800 Hillsdowne Road, Westerville, Ohio 43081.  The trusts also are obligated by contract to collect contributions to the LIUNA Tri-

Funds, three national Labor-Management Cooperative Trusts, as required by the collective bargaining agreement pertinent to this cause.

3.      That at all times material hereto Defendant Gostomsky Masonry, LLC was an employer which maintained its principal office and place of business at Englewood, Ohio.

4.      Defendant Gostomsky Masonry, LLC was at all times material hereto bound to the Agreements and Declarations of Trust establishing the Ohio Laborers' Fringe Benefit Programs and the LIUNA Tri-Funds by virtue of executing collective bargaining agreements or otherwise, and therefore, was obligated to file monthly contribution reports, permit audits of its financial records, and make monthly contributions to the Ohio Laborers' Fringe Benefit Programs on behalf of all persons employed within the trade and territorial jurisdiction of a laborer, as defined in the aforesaid collective bargaining agreements.

5.      Complete copies of the aforesaid agreements have not been attached hereto because of their great bulk and because each party has a copy of the same.

6.      Defendant breached the aforesaid agreements by failing, after due demand, to make monthly contributions to the Ohio Laborers' Fringe Benefit Programs and the LIUNA Tri-Funds in the amount and manner prescribed by the aforesaid collective bargaining agreements and Agreements and Declarations of Trust and has refused to permit an audit of the employer's payroll records.

7.      That Plaintiffs have been required to employ and are obligated to pay an attorney a reasonable fee to collect the monies that may be found to be due and owing from Defendant and to compel an audit of its records.

WHEREFORE, Plaintiffs pray for an order of the Court as follows:

A.      An order that requires Defendant to provide access to the Defendant Gostomsky Masonry, LLC's records for purposes of an audit for the period January 1, 2016 to date of the audit;

B.      Judgment against the Defendant Gostomsky Masonry, LLC in the amount of Four Thousand Four Hundred Thirty Six Dollars ($4,436.00) owing in liquidated damages and interest on late fringe benefit contributions for the period April 1, 2015 through December, 2016, as provided for in ERISA Section 502(g), 29 U.S.C. 1132(g)(2), the collective bargaining agreements, and the rules and regulations of the trusts;

C.      Judgment against the Defendant Gostomsky Masonry, LLC for an undetermined amount for any unpaid contributions due the aforesaid funds from January 1, 2016 to the date of this action and during its pendency, as may be revealed by an examination of its records, said Judgment to include liquidated damages of 10% and

- 2 -

interest at the rate of 1% per month or double interest, whichever is greater as provided for in ERISA Section 502(g), 29 U.S.C. 1132(g)(2), the collective bargaining agreements, and the rules and regulations of the trusts;

D.     A mandatory permanent injunction ordering the Defendant to submit monthly reports and to make monthly contributions as required by the various Agreements and Declarations of Trust;

E.     The costs of collection, including reasonable attorney fees, as provided for in the collective bargaining agreements and ERISA Section 502(g), and interest at the rate of 1% per month upon all late and unpaid contributions;

F.     For the Court to retain jurisdiction of the case pending compliance with its orders;

G.     For the Court to declare that the Defendant Gostomsky Masonry, LLC is bound by the collective bargaining agreements and various Trust documents as alleged in this Complaint; and

H.     For such other and further relief as the Court may deem just.

Respectfully submitted,


s/Steven L. Ball
Steven L. Ball (0007186)
Ball & Tanoury, Attorneys at Law
1010 Old Henderson Road – Suite 1
Columbus, OH  43220
(614) 447-8550
sball@balltanourylaw.com
Trial Attorney for Plaintiffs